IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHAD BIRCHFIELD | § | PLAINTIFF |
| | § | |
| v. | § | Civil No.1:07CV1169HSO-RHW |
| | § | |
| ABN AMRO MORTGAGE GROUP, INC. | § | DEFENDANT |

## ORDER AND REASONS DENYING
## DEFENDANT'S MOTION TO DISMISS

BEFORE THE COURT is the Motion of Defendant ABN AMRO Mortgage Group ["ABN"] to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) [5-1], filed in the above captioned cause on November 16, 2007.  Plaintiff opposes the Motion.  After consideration of the submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendant's Motion must be denied.

## I. FACTS AND PROCEDURAL HISTORY

On or about November 25, 2002, Plaintiff executed a Deed of Trust to ABN, which secured a lien on property located at 682 West Union Road, Carriere, Mississippi.   Pursuant to the Deed of Trust, Defendant was required to remit funds out of escrow to satisfy the annual property taxes on Plaintiff's property. According to the Complaint, Plaintiff's property was later sold at auction due to Defendant's failure to pay the property taxes.  This also allegedly prevented Plaintiff from consummating a sale of the property and ultimately resulted in "financial ruin" for Plaintiff.

Plaintiff filed a Complaint in the Circuit Court of Pearl River County

asserting claims against Defendant for: 1) breach of contract; 2) fraud; 3) bad faith; and 4) slander of title.  Plaintiff requested actual damages in the amount of $40,000.00 plus $200,000.00 in punitive damages.  On October 31, 2007, Defendant filed a Notice of Removal and the above captioned cause was removed to this Court pursuant to 28 U.S.C. § § 1332 and 1441.  Defendant filed its Motion to Dismiss on November 16, 2007, and Plaintiff filed a Response in Opposition on February 6, 2008.  Defendant filed its Rebuttal on February 15, 2008.

## II. DISCUSSION

A.    Standard of Review

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *See Baker v. Putnal* , 75 F.3d 190, 196 (5th Cir. 1996)(*citing McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992)). "[T]he court may not look beyond the pleadings in ruling on the motion." *Baker*, 75 F.3d at 197.  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" of his "entitlement to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action.  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  at 1965.

"Once a claim has been stated adequately, it may be supported by showing

any set of facts consistent with the allegations in the complaint." *Id.* at 1969.  To survive a motion to dismiss where the existence of an agreement is in question, the complaint must state enough factual matter, taken as true, to suggest that an agreement was made. *See id. (applying this standard to determine whether a claim had been stated under section 1 of the Sherman Act).*  Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Id.* (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *(*overruled on other grounds)).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

B.    The Allegations of the Complaint

(1)    Breach of Contract Claim

Plaintiff claims that he purchased the Carriere home and remitted escrow funds into his account with Defendant.  Defendant placed a lien on Plaintiff's property.   Plaintiff claims that when Defendant failed to remit the property taxes, there was a breach of their agreement.  Defendant moves to dismiss Plaintiff's breach of contract claim on the grounds that "the alleged damages he suffered are entirely speculative and are not related to ... contractual obligations to Plaintiff."

Def.'s Mot. to Dismiss at p.2.  Plaintiff alleges certain facts to support the claimed damages he sustained as a result of Defendant's action and/or inaction.  He also asserts that Defendants had a duty under the escrow agreement to remit certain property taxes due and owing on the property in question.

The Court notes that Defendant's arguments attack the merits of Plaintiff's claims, rather than their sufficiency, and are therefore not relevant to the failure to state a claim analysis.  The pertinent question for the Rule 12(b)(6) inquiry is whether Plaintiff has alleged the elements of the claims asserted.  The Court therefore finds that Defendant's Motion to Dismiss Plaintiff's breach of contract claim must be denied.

(2)    <u>Fraud Claim</u>

Plaintiff claims that he relied and acted upon false and material statements made by Defendant relating to payment of the property taxes.  "Plaintiff had a right to and did in fact rely upon Defendant's false statements, and purchased said property and remitted the appropriate funds."  Pl's Compl. ¶28 at p. 4.  Plaintiff claims that such reliance proximately caused him financial damage.  Defendant moves for dismissal of this claim contending that Plaintiff has failed to "plead with particularity the elements of fraud as required under FED. R. CIV. P. 9(b)."  Def.'s Mot. to Dismiss at p. 2.  Plaintiff responds that he has pled a fraud claim with sufficient particularity inasmuch as he has addressed Defendant's actions and inactions taken in connection with payment of the property taxes.  Alternatively,

-4-

Plaintiff requests that he be granted leave to amend his Complaint in order to satisfy the particularity requirement.

A claim of fraud must be pled with the particularity required by Federal Rule of Civil Procedure 9(b).  *See Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003).  Rule 9(b) requires "the who, what, when, where, and how" to be laid out.  *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir.1997).  In the case of a misrepresentation claim, at a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the representation and what he obtained thereby.  *See Benchmark Electronics,* 343 F.3d at 723.

While Plaintiff has asserted certain facts, he has not shown the "who, what, when, where, and how"; therefore Plaintiff's factual statements do not meet the particularity requirements of Federal Rule of Civil Procedure 9(b).  However, the Court finds that Plaintiff should be permitted the opportunity to amend his Complaint to correct this deficiency.  Defendant's Motion to Dismiss as it relates to Plaintiff's fraud claim must therefore be denied, without prejudice, at this time.

(3)    Bad Faith Claim

Plaintiff claims that Defendant was aware of the absence of any legitimate reason for its failure to remit the unpaid property taxes; therefore the failure to abide by the terms of the agreement and pay those taxes was tantamount to bad faith. *See* Pl's Compl. ¶34 at p. 4.  Defendant seeks dismissal of this claim on the

-5-

grounds that because Plaintiff has failed to sufficiently allege a conscious wrongdoing with dishonest purpose on the part of Defendant, this claim fails as a matter of law.  *See* Def.'s Mot. to Dismiss at p.2.

In his Response, Plaintiff argues that on "more than one occasion, Plaintiff and his closing attorney Bill Walley notified Defendant that there might be a problem with the property taxes. ... [d]espite this notice, Defendant intentionally refused to remit said taxes pursuant to its contractual obligation, ... in reckless disregard of this question, failed to determine whether there is any reasonable basis for failing to pay said property taxes." Pl.'s Mem. in Opp. to Def.'s Mot. to Dismiss at p. 2.  The Court concludes that this issue has been satisfactorily pled; therefore, Defendant's Motion to Dismiss Plaintiff's bad faith claim must be denied.

(4)    <u>Slander of Title Claim</u>

Plaintiff contends that Defendant's January 10, 2006, letter advising Plaintiff that his property "was not affected by the tax sale" when it in fact "was affected by the tax sale" was a false statement made with malice which compromised Plaintiff's title to his property.  *See* Pl's Compl. ¶¶ 39, 40 at p. 5. Plaintiff contends that as a result of Defendant's actions, he was unable to complete the sale of his Carriere property.  *See* Pl's Compl. ¶ 42 at p. 5.

Defendant maintains that, as a matter of law, Plaintiff cannot support this claim because it is "barred by the applicable one-year statute of limitations set forth

in Miss. Code Ann. § 15-1-35." [1]  Def.'s Mot. to Dismiss at p.2.  Specifically,

Defendant contends that because the basis for Plaintiff's claim is the January 10,

2006, letter, and the instant case was not filed until September 27, 2007, Plaintiff's

slander of title claim is barred by the one-year statute of limitations.  *See* Def.'s

Mem. in Support of Mot. to Dismiss at p. 13.

Plaintiff's Response states that he did not learn that his property was indeed

affected by a tax sale until he received Defendant's letter dated September 29, 2006;

therefore, his claims were timely filed on September 24, 2007.  *See* Pl.'s Mem. in

Opp. to Def.'s Mot. to Dismiss at p. 3.  Plaintiff relies on certain evidence,

specifically the September 2006, letter, which is outside the pleadings, to support

his assertion that his slander of title claim was timely filed.   Plaintiff argues that

he relied on Defendant's verbal and written assertions that his property was not

subjected to a tax sale; therefore, his slander of title claim is well pled.

Defendant objects to Plaintiff's reliance on the September 2006 letter and

argues that "Plaintiff has not demonstrated that he could not have discovered the

alleged slanderous statement prior to the expiration of the statute of limitations."

---

[1] 15-1-35. Actions for certain torts.
All actions for assault, assault and battery, maiming, false
imprisonment, malicious arrest, or menace, and all actions for
slanderous words concerning the person or title, for failure to employ,
and for libels, shall be commenced within one (1) year next after the
cause of such action accrued, and not after.

Miss. Code Ann. § 15-1-35.

Def.'s Reply at p. 8.   Defendant further contends that this claim is barred by the one year statute of limitations period because Plaintiff knew or should have known that his claim had accrued.

A slander of title claim has been defined as "the malicious filing for record of an instrument known to be inoperative, and which disparages the title of land, is a false and malicious statement for which damages may be recovered." *Dethlefs v. Beau Maison Development Corp.*, 511 So. 2d 112, 117 (Miss. 1987)(*citing  Walley v. Hunt,* 54 So. 2d 393 (1951)).  These actions "must be brought within one year of discovery of the offense." *Worldwide Forest Products, Inc. v. Winston Holding Co.,* 1999 WL 33537093, *3 (N.D. Miss. 1999).

After review of the pleadings on file, the Court is of the opinion that Plaintiff has sufficiently articulated his claim that he relied on Defendant's letter and verbal assurances that his property was not affected by the tax sale.  Based on the record before the Court, Defendant's Motion to Dismiss must be denied at this juncture.

(5)   <u>Punitive Damages Claim</u>

Plaintiff seeks punitive damages in the sum of $200,000.00, in connection with Defendant's conduct.  Defendant moves to dismiss the punitive damages claim on the grounds that "Plaintiff has not stated and cannot state specific facts to reflect or support the alleged willful and wanton conduct of AAMG."   Def.'s Mot. to Dismiss at p. 15.

The Court undertakes a determination of whether the issue of punitive

damages should be submitted to the jury only when and if certain statutory criteria are met.  These criteria are set forth in MISS. CODE ANN. § 11-1-65(1)(d):

> [p]unitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant, against whom punitive damages are sought, acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

*Id.*

Because the Court is permitting Plaintiff to amend his Complaint to correct certain deficiencies, the Court must deny Defendant's Motion on Plaintiff's punitive damages claim at this time, without prejudice.  Defendant is granted leave to reassert this Motion at a latter stage of the proceedings, if appropriate.

### III.  CONCLUSION

Based on the parties' submissions and the relevant legal authorities, and for the reasons stated herein, Plaintiff has presented sufficiently well-pled facts in support of his claims, thereby precluding Defendant from sustaining its Rule 12(b)(6) Motion.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, the Motion of Defendant ABN AMRO Mortgage Group to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) filed November 16, 2007 [5-1 ], should be and is hereby **DENIED.**

**IT IS, FURTHER ORDERED AND ADJUDGED** that, Plaintiff is hereby directed to file any Amended Complaint, for the limited purpose of specifically detailing his fraud claim, on or before July 3, 2008.

**SO ORDERED AND ADJUDGED**, this the 23rd day of June. 2008.


*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE